UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES G. WHEELER,

        Petitioner,

  v.                                      Case No. 22-cv-764-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1), VACATING JUDGMENT IN CASE NO. 15-CR-216 (DKT. NO. 30), DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 3), DISMISSING CASE AND ORDERING RESENTENCING HEARING**

On September 8, 2016, the court sentenced the petitioner to 228 months in prison after he pled guilty to one count of attempted Hobbs Act robbery and one count of using, carrying and discharging a firearm during that attempted Hobbs Act robbery. United States v. Wheeler, Case No. 15-cr-216 (E.D Wis.), Dkt. Nos. 29, 30. The court imposed a sentence of ten years (120 months), the mandatory minimum sentence on the 18 U.S.C. §924(c) count, and 108 months on the attempted Hobbs Act robbery count to run consecutively with the sentence imposed on the §924(c) count and concurrently with the sentence imposed in United States v. Wheeler, Case No. 15-cr-101 (E.D. Wis.), followed by five years of supervised release. Id. The court did not impose a fine, but required the petitioner to pay a $200 special assessment and ordered restitution in the amount of $91,796.01, due jointly and severally with his co-

1

defendant. Id. The court believed that the ten-year mandatory minimum sentence for the §924(c) count was mandated by §924(c)(1)(A)(iii), which requires that if a defendant discharges a firearm during and in relation to a "crime of violence," the mandatory minimum penalty is ten years, to run consecutively to any other sentence.

On July 6, 2022, the petitioner filed the instant motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Wheeler v. United States, Case No. 22-cv-764, Dkt. No. 1. The motion asserted one ground for relief: that the petitioner is innocent of Count Two—knowingly using, carrying, brandishing and discharging a fire during and in relation to a crime of violence—in light of the Supreme Court's decision in United States v. Taylor, 142 S. Ct. 2015 (2022). Two months later, the petitioner filed a motion for appointment of counsel. Dkt. No. 3. Before the court screened the motion, Federal Defender Services of Wisconsin filed an appearance on the petitioner's behalf, dkt. no. 4, and filed a supplement to the §2255 motion, notifying the court that the government did not oppose the petitioner's request for a new sentencing hearing, dkt. no. 6.

On June 21, 2022, the United States Supreme Court held in United States v. Taylor, ___ U.S. ___, 142 S. Ct. 2015 (2022) that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" for the purposes of triggering §924(c)(1)(A)'s mandatory minimums. In his July 5, 2022 §2255 motion, the petitioner argued that his §924(c) conviction should be vacated. Dkt. No. 1 at 3. In his supplemental briefing, the petitioner indicates that several district courts

2

Case 2:22-cv-00764-PP    Filed 07/31/23    Page 2 of 5    Document 8

around the country have suggested that Taylor might apply retroactively. Dkt. No. 6 at 3-4. The petitioner argues that these courts were correct under the Supreme Court's reasoning in Bousley v. United States, 523 U.S. 614, 620-21 (1998), in which the Court concluded that Bailey v. United States, 516 U.S. 137 (1995) applied retroactively on collateral review because Bailey had narrowed the scope of §924(c), concluding that that substantive criminal statute did not reach certain conduct. Id. Counsel identified two cases decided by another judge in this district who had concluded that Taylor applies retroactively. Id. at 4 (citing Evans v. United States, Case No. 22-cv-1326-JPS at Dkt. No. 6[1] (E.D. Wis. Mar. 30, 2023) and Johnson v. United States, Case No. 22-cv-1526-JPS at Dkt. No. 5[2] (E.D. Wis. Mar. 30, 2023)). The petitioner argues that he filed his motion within one year of the Supreme Court's decision in Taylor, and thus that it was timely filed under §2255(f)(3). Id. The motion also indicates that the parties agree that the court should conduct a "full resentencing." Id. at 4-5.

The court will grant the petitioner's motion. The government does not oppose it. Taylor makes clear that the petitioner's attempted Hobbs Act robbery conviction cannot form the basis for the §924(c) conviction and its

---

[1] For Judge Stadtmueller's extensive discussion of several district courts that have concluded that Taylor applies retroactively on collateral review, see pages 8-11. As in this case, the government conceded that Evans's sentence must be vacated, and Judge Stadtmueller took the government's lack of any discussion about Taylor's retroactivity "as an implied concession as to the retroactivity of *Taylor*." Page 11.

[2] Judge Stadtmueller's retroactivity discussion—including his conclusion drawn from the government's failure to analyze the question—appears at pages 4-5 of his decision in Johnson.

accompanying ten-year mandatory minimum sentence. Taylor had not been decided at the time the court sentenced the petitioner; the argument he now presents was not available to him at that time. The petitioner filed the §2255 petition less than a year after the argument did become available to him. As Judge Stadtmueller explained, the reasoning of those sister district courts supporting their conclusions that Taylor applies retroactively on collateral review is persuasive, and the government's lack of opposition to the petitioner's retroactivity argument appears to be a concession that the court may apply Taylor retroactively.

Because Federal Defender Services of Wisconsin has appeared on behalf of the petitioner, the court will deny the petitioner's motion for appointment of counsel as moot. Dkt. No. 3.

The court **GRANTS** the petitioner's unopposed motion to vacate sentence under 28 U.S.C. §2255 and conduct a resentencing. Dkt. No. 1.

The court **ORDERS** that the September 14, 2016 judgment in criminal Case No. 15-cr-216 (Dkt. No. 30) is **VACATED**.

The court **DENIES AS MOOT** the petitioner's motion for appointment of counsel. Dkt. No. 3.

The court **ORDERS** this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **ORDERS** that its staff will contact the parties to schedule a full resentencing hearing. The court **ORDERS** that given the significant change in circumstances, the probation department must prepare a second revised

presentence investigation report in advance of that resentencing hearing; the court will provide a deadline for disclosure of that report and will provide the parties with deadlines for objections and other related sentencing documents.

Dated in Milwaukee, Wisconsin this 31st day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**